# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 10-1036 (CAS)<br>CV 10-1497 (CAS)<br>CV 10-1498 (CAS)<br>CV 11-0009 (CAS) | Date | July 8, 2011 |
|---|---|---|---|
| Title | SATISH SHETTY v. ERIC H. HOLDER JR.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS BECAUSE CASE IS MOOT

     Petitioner Satish Shetty filed the above-referenced petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention. On June 22, 2011, the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE) filed a joint motion with the Immigration Court to dismiss without prejudice the immigration removal proceedings against petitioner and to allow petitioner to pursue his application for adjustment of status before United States Citizenship and Immigration Services (USCIS). On June 23, 2011, an immigration judge terminated petitioner's immigration removal proceedings. ICE released petitioner from detention on June 24, 2011.

     Article III of the Constitution limits the Court's jurisdiction to adjudicating actual cases and controversies. U.S. Const. Art. III, § 2. A petition for habeas corpus is deemed moot when it no longer involves a live case or controversy and the court cannot provide the primary relief sought in the petition. See Munoz v. Rowland, 104 F.3d 1096, 1097–98 (9th Cir. 1997). "The prevailing view in the federal courts . . . is that a federal habeas petitioner raising a claim concerning the issue of deportability [under 28 U.S.C. § 2241] must be in the custody of the INS when the suit is commenced." DiGrado v. Ashcroft, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002). Because petitioner has been released from ICE custody, it appears that there is no longer any live case or controversy for this Court to hear, and the above-referenced habeas corpus petitions are moot. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | SACV 10-1036 (CAS)<br>CV 10-1497 (CAS)<br>CV 10-1498 (CAS)<br>CV 11-0009 (CAS) | Date | July 8, 2011 |
|---|---|---|---|
| Title | SATISH SHETTY v. ERIC H. HOLDER JR.; ET AL. | | |

Munoz, 104 F.3d at 1097–98 (state prison inmate's habeas corpus petition moot where inmate had been released); Thelander v. Kane, 408 Fed. Appx. 105, 106 (9th Cir. 2011) (dismissing habeas petition as moot when petitioner was granted parole); Campillo v. Sullivan, 853 F.2d 593, 594 (8th Cir. 1988) (petitioner not entitled to habeas relief under 28 U.S.C. § 2241 where he was not in the custody of the Immigration and Naturalization Service). Therefore, petitioner is hereby ORDERED TO SHOW CAUSE on or before July 20, 2011, why the above-listed habeas corpus petitions should not be dismissed.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |